IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LLOYD FREEMAN

      Plaintiff,

v.                                     Case No. 05-CV-2554-CM-DJW

KELLOGG COMPANY,

      Defendant.

**PROTECTIVE ORDER**

Upon consideration of the parties' jointly-proposed Protective Order, the Court finds and orders as follows:

This is an employment case which includes allegations pertaining to non-party employees, supervisors, and Kellogg's confidential personnel and business practices.  The parties anticipate that in their respective disclosures and discovery requests and responses certain sensitive and proprietary or confidential documents, specifically, Plaintiff's medical records, personnel files of parties and non-parties, tax returns and non-public internal operating documents of Defendant will be requested or produced. The parties seek to protect the privacy of such documents and against releasing such documents publicly beyond the needs of this litigation.  Such protection may only be accomplished through the entry of a protective order.

For good cause shown, specifically, in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, provide adequate protection for material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled,

IT IS HEREBY ORDERED THAT:

1.     **Confidential Information.**  As used in this Order, the term "Confidential Information" shall be applicable to and govern (a) all personnel records produced by Defendant of persons other than Plaintiff (except that to the extent Plaintiff's personnel records may include information about other personnel, such records will be designated confidential), including, but not limited to personnel files, personnel investigations, promotion records, hiring records, salary and benefit records, employment applications, resumes, employee evaluations, and other documents concerning employee performance; (b) non-public, confidential information relating to

1

the business of Defendant, including its non-public, confidential financial information and non-public, confidential internal operations information; (c) the tax records of Plaintiff; and (d) medical, employment, education, and financial records of Plaintiff or others.  All of the foregoing information, as well as any designated portions of deposition testimony, responses to interrogatories, requests for admissions, or requests for production of documents concerning the above-described Confidential Information is hereby designated as "CONFIDENTIAL."  The execution and entry of this Protective Order is not intended to authorize the discoverability or admissibility of any information or documents of any party, including documents within the categories above, which remain governed by the general discovery and evidentiary rules.

2.     **No Disclosure.**  Except upon further Order of this Court or by express written consent of counsel for the parties, Confidential Information furnished in this action by any of the parties shall not be disclosed to any person other than:

   a.     Parties and counsel for the parties in this action who are actively engaged in the conduct of this litigation; and the partners, associates, secretaries, legal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services to the litigation;

   b.     Any independent document reproduction services or document recording and retrieval services;

   c.     Outside consultants, expert witnesses, independent document reproduction or retrieval service, or any other non-party with access to or knowledge of the Confidential Information, upon agreement of such individuals or entities to be bound by the terms of this Protective Order, in the form attached hereto as the "Acknowledgment."

3.     **Use of Confidential Information.**  Confidential Information shall be used only in connection with these proceedings and any appeals arising therefrom.  No Confidential Information produced in discovery in this case shall be used for any purpose other than in connection with this case and any appeals arising therefrom.  No Confidential Information shall be disclosed to any other person, party, entity, agency, print or electronic media, or anyone outside this proceeding for any purpose.

4.     **Maintaining Confidentiality.** Any party who receives any Confidential Information provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area. The party shall take care that any such information or the content of such information, or notes or memoranda related thereto, not be disclosed to anyone other than qualified persons.

5.     **Filing Confidential Information.** If any information which a party designates as "CONFIDENTIAL" is filed with the Court as a part of a motion, brief, or related matter (unless otherwise agreed by the parties or ordered by the Court), the party making such a filing shall file a motion with the Court seeking leave to file the Confidential Information under seal. If the Court grants leave to file under seal, the Confidential Information shall be filed separately in a sealed envelope containing the following notice: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," together with a cover sheet stapled to the sealed envelope containing the case caption, signature of the attorney for the filing party, and a list of the title(s) of the confidential document(s).

6.     **Confidential Information in Depositions.** Parties (and deponents) may, within 30 days after receiving the transcript of a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential Information within the deposition transcript may be designated by a letter to opposing counsel indicating the portions of the transcript that are confidential. Until expiration of the 30-day period, the entire transcript will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designated Confidential Information in a deposition, then none of the transcript or its exhibits (other than those previously designated) will be treated as confidential. There shall be no need to re-designate documents or exhibits which have been previously designated as confidential.

7.     **Subject to Court's Jurisdiction.** Each party to whom disclosure of all or part of the aforesaid Confidential Information is made agrees to subject himself/herself to the jurisdiction of this Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

8.     **Return of Confidential Information.** Upon the final determination of this action, including the expiration or time for any further appeals, whether by judgment, settlement, or otherwise:

a.     Counsel of record for each party receiving Confidential Information shall return to the designating party all such documents containing Confidential Information and all notes, memoranda, copies,

abstracts, excerpts, or other parts within 60 days, except that all materials constituting work product of such counsel shall be destroyed by the party in possession;

b.     Any party who received any Confidential Information shall return to the producing party all copies of Confidential Information that are in the possession of such person(s), together with all notes, copies, abstracts, excerpts, memoranda, or other parts, and counsel for the designating party shall dispose of the documents and things in accordance with paragraph 8(a); and

c.     Counsel of record for each party shall confirm in writing that all Confidential Information, documents, and things, together with all notes, copies, abstracts, memoranda, excerpts, or other parts have been returned to the producing party or destroyed in accordance with the terms of paragraph 8(a) and 8(b) above.

9.     **No Admission.**  Nothing in this Order shall be construed as an admission as to the discoverability, relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 8th day of August, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and pro se parties

4