UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS
_____

LLOYD FREEMAN,

    Plaintiff,

vs.                                            Case No. 05-CV-2554 CM/DJW

KELLOGG COMPANY,

    Defendant.

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL
PLAINTIFF'S RESPONSE TO DEFENDANT'S
<u>SECOND REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

**I.  <u>Introduction</u>**

This is a race/age discrimination, harassment and retaliatory discharge case brought by Plaintiff Lloyd Freeman against his former employer, Defendant Kellogg Company. In his Complaint and in his deposition testimony, Plaintiff claimed he has suffered a loss of income and corresponding repossession of his automobiles. On August 8, 2006, Kellogg served Freeman with its Second Request for Production of Documents (attached at Tab A), consistent with Fed.R.Civ.P. 34.

Kellogg moves this Court, pursuant to Fed.R.Civ.P. 37, to issue its Order requiring Plaintiff to produce the requested documents. Plaintiff has provided no response to Kellogg's request. The documents being withheld by Plaintiff are relevant to the merits of both the claims and defenses asserted in this case.

## II. Kellogg's Document Request

As indicated in the Second Request for Production attached at Tab A, Kellogg seeks documents pertaining to Plaintiff's employment following termination from Kellogg's, including resumes prepared for that purpose (Request Nos. 1,2), copies of any Kellogg policies in Plaintiff's possession, (Request No. 3), counseling records or authorization for release of those records, in lieu of production (Request No. 4) and documentation of the repossession of two vehicles about which Plaintiff testified during his deposition (Request No. 5). Pursuant to Fed.R.Civ.P. 34, Plaintiff's responses to the Second Request for Production of Documents were due on or before September 11, 2006.

On September 28, 2006, the undersigned corresponded with Plaintiff's counsel in an attempt to obtain the requested documents. (See Tab B). Plaintiff's counsel provided no communication whatsoever in response to the September 28, 2006 letter imploring Plaintiff to provide the requested documents.

## III. Argument

Fed.R.Civ.P. 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." While no objection whatsoever, much less an objection based on relevance has been interposed by Plaintiff, certainly, records of subsequent employment efforts and wages, consequential damages claimed, counseling obtained, as identified in a plaintiff's deposition and copies of Defendant's policies and procedures in a plaintiff's possession, are relevant to Plaintiff's claims of wage loss, emotional damages and

Kellogg's affirmative defenses, including failure to mitigate and Plaintiff's failure to take advantage of corrective opportunities.  Plaintiff's failure to provide the requested information jeopardizes the ability of Kellogg to defend against Plaintiff's claims and to prepare its case.

It is also Kellogg's position that any objection that Plaintiff might otherwise have interposed in response to the Second Request For Production of Documents is now waived.  In the case of interrogatory responses, Fed.R.Civ.P. 33 requires, "[A]ll grounds for an objection to an interrogatory shall be stated with specificity.  Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Fed.R.Civ.P. 33(b)(4).  Courts have also applied the waiver analysis to requests for production of documents.

One of the most recent extensions of the waiver analysis to requests for production of documents was in *Horace Mann Inc. v. Nationwide Mutual Insurance Co.,*  2006 WL 2401513 (D.Conn. August 18, 2006)(slip opinion attached at Tab C).  In that case, the court noted some of the decisions which also "have reasoned that a Rule 33(b)(4) type waiver should be implied into all rules involving the use of the various discovery mechanisms," including decisions from the District of Columbia and Alaska, Connecticut and the Second Circuit.  Courts in this jurisdiction have also applied the waiver analysis.  In *Bohannon v. Honda Motor Co., Ltd.* 127 F.R.D. 536 (D.Kan. 1989),  the Court ruled that it would disregard objections raised by Plaintiff that were not raised in his written responses to discovery requests, but were raised for the first time only in response to Defendant's Motion to Compel.  *Id.,* 127 F.R.D. at 538.

For the reasons set forth above, Kellogg respectfully requests this Court enter its order compelling Plaintiff to produce all documents requested in Kellogg's Second Request for

Production of Documents, and further requests an Order for sanctions, including attorneys' fees necessitated in having to bring this Motion.

             Respectfully submitted,

             Varnum Riddering Schmidt & Howlett LLP
             Attorneys for Defendant Kellogg Company

Dated: October 12, 2006

             By: */s/ Jennifer J. Stocker*
               Jennifer J. Stocker (16851)
               Lawrence J. Murphy
               P.O. Box 352
               Grand Rapids, MI 49501-0352
               (616) 336-6921
               Fax: (616) 336-7000
               e-mail: jjstocker@varnumlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed this 12th day of October, 2006 with the Clerk of the Court using the ECF filing system. I further certify that a true and correct copy of the foregoing document was served this 12th day of October, 2006 upon Luis Mata, Esquire and Sarah A. Brown, Esquire, Randles, Mata & Brown, LLC, 406 West 34th Street, Suite 623, Kansas City, Missouri 64111, via first class U.S. Mail.

             */s/ Jennifer J. Stocker*
             Jennifer J. Stocker

1314369_1.DOC

4