UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

LLOYD FREEMAN,

      Plaintiff,

vs.                                   Case No. 05-CV-2554 CM/DJW

KELLOGG COMPANY,

      Defendant.

# EXHIBIT C

TO
**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL
PLAINTIFF'S RESPONSE TO DEFENDANT'S
SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Westlaw.

Slip Copy

Page 1

Slip Copy, 2006 WL 2401513 (D.Conn.)
(Cite as: Slip Copy)

Briefs and Other Related Documents
**Horace** Mann Ins. Co. v. Nationwide Mut. Ins. Co.D.Conn.,2006.Only the Westlaw citation is currently available.
United States District Court,D. Connecticut.
HORACE MANN INSURANCE CO., Plaintiff
v.
NATIONWIDE MUTUAL INSURANCE CO., Defendant.
Civil No. 3:05-CV-664(CFD)(TPS).

Aug. 18, 2006.

Daniel H. Cotter, Patrick M. Mullins, Cotter, Cotter & Mullins, Trumbull, CT, David J. Crotta, Jr., Kenneth J. Mulvey, Jr., Mulvey, Oliver & Gould, New Haven, CT, Devon F. Snell, Joseph M. Toddy, Zarwin Baum Devito Kaplan Schaer & Toddy, PC, Philadelphia, PA, for Plaintiff.
Brian C. Roche, Gerald C. Pia, Jr., Pullman & Comley, Bridgeport, CT, James P. Schuck, Quintin F. Lindsmith, Randolph C. Wiseman, Bricker & Eckler, Columbus, OH, Michael Dolich, Swartz Campbell, LLC, Philadelphia, PA, for Defendant.

*Ruling on Defendant's Motion to Compel*
THOMAS P. SMITH, Magistrate Judge.
*1 This action is primarily an indemnification/subrogation dispute between two insurance companies. On October 23, 1994 a vehicle driven by John Pruden ("Pruden") and owned by Bruce Power ("Power") was involved in a one-car accident wherein Vicki Benton ("Benton"), a passenger in the car, was injured. Pruden was insured by **Horace** Mann Insurance Company ("**Horace** Mann"), Power was insured by Nationwide Mutual Insurance Company ("Nationwide"). Benton subsequently sued Pruden and Power. The suit settled but, for whatever reason, Pruden's name was not included in the final release. Benton subsequently obtained a $450,000 default judgment against Pruden. Pruden, apparently believing he was indemnified by either **Horace** Mann and/or Nationwide, assigned his rights against the two companies to Benton. Benton brought a bad faith action against both companies in this court. Each insurance company settled with Benton. **Horace** Mann now seeks indemnification/subrogation from Nationwide.

On January 2, 2006 the defendant, **Horace** Mann, served on the plaintiff, Nationwide, requests for production, interrogatories and requests for admission. By joint stipulation, *see* Fed.R.Civ.P. 29, the deadline for plaintiff's response was extended to February 20, 2006. The plaintiff did not respond until March 17, 2006. Although tardy, Nationwide appears satisfied with all of the responses received save for those to production requests 9 and 18 and interrogatory 18. As to these disputed discovery requests **Horace** Mann levied a number of objections which, *inter alia*, asserted attorney-client privilege and/or work-product protection. Nationwide argues that all of **Horace** Mann's asserted objections were waived when it failed to respond within the time allotted and has thus moved for an order compelling **Horace** Mann to respond fully to the disputed discovery requests. Defendant's motion [Dkt.# 74] is GRANTED.

*A. Discussion*

The disputed production requests and interrogatory are as follows:

**[Production Request 9]**

Produce all of your files, documents, communications, correspondence, and the like concerning the Bad Faith Action, including, but not limited to:
• all documents that concern your settlement of the Bad Faith Action with Vicki Benton;
• all internal memoranda, communications, and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
Slip Copy, 2006 WL 2401513 (D.Conn.)  
(Cite as: Slip Copy)

Page 2

assessments concerning the Bad Faith Action;
- all privileged memoranda with your counsel, Mulvey, Oliver & Gould, concerning the Bad Faith Action.

**Answer:** Plaintiff objects to this request as it is vague, overbroad and unduly burdensome. Plaintiff further objects to this request as it requires disclos[ure] of documents that are protected from disclosure by the attorney-client privilege and work product doctrine.

**[Production Request 18]**

Produce all communications and correspondence between you and any attorney at Mulvey, Oliver & Gould concerning the Vicki Benton Action or the Bad Faith Action.

*2 **Answer:** Plaintiff objects to this request as it is vague, overbroad and unduly burdensome. Plaintiff further objects to this request, as it requires Plaintiff to produce documents that are protected from disclosure by the attorney-client privilege and work product doctrine.

**[Interrogatory 18]**

State the legal and factual basis for your payment of $700,000 to Vicki Benton to settle the claims asserted against you in the Bad Faith Action.

**Answer:** Plaintiff objects to this interrogatory, as it seeks the mental impressions, conclusions, opinions and legal theories of Plaintiff and its counsel concerning the litigation in the Bad Faith Action. As such, the information sought is protected by the attorney-client privilege.

(Def.'s Mem. Supp. Ex 7.)

"The party upon whom the interrogatories have been served shall serve a copy of the answers and objections if any within 30 days after the service of the interrogatories. A shorter or longer time period may be ... agreed to in writing by the parties subject to Rule 29." Fed.R.Civ.P. 33(b)(3). In this case the parties agreed to a longer deadline which concluded on February 20, 2006. "All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Fed.R.Civ.P. 33(b)(4). "A party who fails to file timely objections waives all objections, including those based on privilege or work product." *Ramirez v. County of Los Angeles,* 231 F.R.D. 407, 409 (C.D.Cal.2005); *see also Pham v. Hartford Fire Ins. Co.,* 193 F.R.D. 659 (D.Colo.2000) (finding claim of privilege waived where the defendant failed to file objections to interrogatories until 71 days after the interrogatories were served); *Smith v. Conway Org., Inc.,* 154 F.R.D. 73, 76 (S.D.N.Y. Apr. 1, 1994) (deeming waived a work-product objection asserted nearly four months after the document request was served).

Rule 34, which addresses requests for the production of documents, does not contain an automatic waiver provision for untimely objections as found in Rule 33(b)(4). Despite the absence of such a provision, courts have reasoned that a Rule 33(b)(4) type waiver should be implied into all rules involving the use of the various discovery mechanisms. *Byrd v. Reno,* No. 96-2375(CKK)(JMF), 1998 U.S. Dist. LEXIS 11855, at *16 (D.D.C. Feb. 12, 1998) (holding that an argument that an untimely objection is waived should be analyzed the same under Rule 34 as it is under Rule 33); *Pham,* 193 F.R.D. at 661 (following *Byrd*); *Deal v. Lutheran Hosp. & Homes* 127 F.R.D. 166, 168 (D.Alaska July 31, 1989) (holding that the waiver analysis should be "similar if not identical" under Rules 33, 34, 36 and 45(d)(1)). Thus, the undersigned will treat the disputed production requests and interrogatory identically for the purposes of the present motion.

*3 In the instant case the plaintiff filed objections twenty-two days late. While the tardiness itself would be sufficient grounds to deem plaintiff's objections waived, the court may have been inclined to give the plaintiff the benefit of the doubt in light of the fact that the delay was not egregious and that a court's decision to consider a claim of attorney-client privilege waived should be done only after careful thought. *See First Sav. Bank*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2006 WL 2401513 (D.Conn.)
(Cite as: Slip Copy)

Page 3

*F.S.B. v. First Bank Sys. Inc.* 902 F.Supp. 1356, 1362-63 (D.Kan.1995); *Jayne H. Lee, Inc. v. Flagstaff Indus.,* 173 F.R.D. 651, 657 n. 16 (D.Md.1997)(calling the rule that failure to timely respond to interrogatories operates as a waiver of a subsequent privilege objection "draconian"). However, aside from being late, plaintiff's response also failed to adequately perfect its claim of privilege. Plaintiff never provided a privilege log as required by D. Conn. L. Civ. R. 37(a). Failure to produce a privilege is sufficient grounds to deem the privilege waived. *Chase Manhattan Bank, N.A. v. Turner & Newall, PLC,* 964 F.2d 159, 166 (2d Cir.1992); *Ruran v. Beth El Temple of W. Hartford, Inc.,* 226 F.R.D. 165, 168-69 (D.Conn.2005). Therefore, in light of the untimeliness of plaintiff's objections and the fact that the tardy response did not include a privilege log the court finds that all of plaintiff's objections are waived.

The court further finds that Horace Mann has not shown good cause why their untimely objections should be excused. Defendant offered the following in the way of an explanation, "[t]he slight delay in responding was not a willful or intentional act by Horace Mann, but rather, occurred due to the fact that Horace Mann needed additional time to review its documents to ensure it accurately responded to Defendant's requests." (Def.'s Reply Mem. at 4.) The excuse is unpersuasive. If plaintiff needed more time to respond to the discovery requests it should have either contacted the defendant to obtain its consent to an extension or, if defendant was unwilling to acquiesce, apply to the court to for an extension of time to reply. Further, it appears from representations made by the defendant that Horace Mann has offered a number of different explanations for its tardiness. (*See* Def.'s Reply Mem. at 4-5.) The court also agrees with Nationwide's argument that Horace Mann's explanation does not "excuse Horace Mann's failure to provide timely.. written objections [ ] to the requests. If Horace Mann were objecting on the basis of attorney-client privilege, it would have known this when it received the discovery." (*Id.* at 5.)

Finally, the court notes that at times good cause to excuse untimely objections can be found simply from the nature of the discovery requests. For example, in *Byrd* the court surmised that the good cause provision of Rule 33(b)(4) exists "lest a federal court be compelled to order the production of every piece of paper in the Pentagon because of a tardy objection to a request to produce them." 1998 U.S. Dist. LEXIS 11855, at *16-17. Certainly, the attorney-client privilege is an important right that the court does not impinge on lightly. However, the facts here indicate that the privilege concerns are not as great as they may ordinarily be. As Nationwide notes in its reply memorandum, it is probable that Horace Mann put "at issue" the attorney-client communication requested when it filed the instant action. This suit involves one insurance company suing another over what was or was not done in the context of several different legal proceedings. The dispute by its very nature involves communications between lawyers and clients. Thus, it is possible that Horace Mann has already waived its attorney-client privilege objections. The court, therefore, finds that the subject matter of the discovery requests does not itself provide good cause to excuse plaintiff's untimely objection.

### B. *Conclusion*

*4 Based on the foregoing discussion defendant's Motion to Compel [Dkt. # 74] is **GRANTED**. The plaintiff is **ORDERED** to provide responses to the discovery requests in question *within fifteen days* of this ruling. At the conclusion of all proceedings, on application, the court will consider the amount of attorney's fees, if any, that should be awarded in connection with this motion. *See* Fed.R.Civ.P. 37(a).

This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 63 6(b)(1)(A); Fed.R.Civ.P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. *See* 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Page 4

Slip Copy, 2006 WL 2401513 (D.Conn.)
**(Cite as: Slip Copy)**

D.Conn.,2006.
Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.
Slip Copy, 2006 WL 2401513 (D.Conn.)

Briefs and Other Related Documents (Back to top)

- 2006 WL 1387904 (Trial Motion, Memorandum and Affidavit) Defendant Nationwide Mutual Insurance Company's Reply Brief in Support of Motion to Compel (Apr. 20, 2006) Original Image of this Document (PDF)
- 2006 WL 1387901 (Trial Pleading) Answer of Defendant Nationwide Mutual Insurance Company (Apr. 17, 2006) Original Image of this Document (PDF)
- 2006 WL 1387896 (Trial Motion, Memorandum and Affidavit) Plaintiff Horace Mann Insurance Company's Memorandum in Opposition to Defendant's Motion to Compel (Apr. 13, 2006) Original Image of this Document (PDF)
- 2006 WL 822421 (Trial Motion, Memorandum and Affidavit) Memorandum of Defendant Nationwide Mutual Insurance Company in Opposition to Plaintiff's Motion to Quash Subpoena (Feb. 13, 2006) Original Image of this Document (PDF)
- 2006 WL 1029174 (Trial Motion, Memorandum and Affidavit) Plaintiff's Memorandum of Law in Support of Motion to Quash Subpoena (Jan. 18, 2006) Original Image of this Document (PDF)
- 3:05cv00664 (Docket) (Apr. 25, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.